UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSEPH SOFFER,

                Plaintiff,                    **MEMORANDUM and ORDER**

        -against-                        06-CV-435 (SLT) (CLP)

NATIONWIDE RECOVERY SYSTEMS, INC.,

                Defendant.
-------------------------------------------------------------x

**TOWNES, United States District Judge**\*:

Plaintiff, Joseph Soffer ("Plaintiff"), brings this action against defendant, Nationwide Recovery Systems, Inc. ("Nationwide" or "Defendant"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, alleging that a debt collection letter sent by Defendant to Plaintiff was deceptive in that a settlement offer made in the letter contradicted information about Plaintiff's rights contained in a validation notice. Nationwide now moves to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons discussed below, Defendant's motion is granted.

## BACKGROUND

The following facts, which are largely if not completely undisputed, are taken from Plaintiff's complaint and the debt collection letter attached thereto. On or about January 4, 2006, Nationwide sent a one-page, double-sided form letter to Plaintiff (the "Letter"), in an attempt to collect a $68.85 debt purportedly owed by Plaintiff to Acceris Communications, Inc. The front of the Letter states in pertinent part:

---

\*The Court wishes to acknowledge the very capable assistance of a student intern, Vincent Volino of Fordham Law School, in the preparation of this Memorandum and Order.

> This is a formal demand for payment. Your account has been
> assigned to this agency from Acceris Communications Inc. It is to
> your advantage to cooperate.
>
> Acceris Communications Inc has authorized Nationwide Recovery
> Systems to offer you the opportunity to settle your account for a
> lump sum payment of 34.43. To take advantage of this offer,
> payment of 34.43 must be received by Nationwide Recovery
> Systems no later than 02-08-06.

At the end of the letter is a notice which appeared in boldface type and reads, "This communication is an attempt to collect a debt. Any information obtained shall be used for that purpose. Notice: See reverse side for important information."

The reverse side of the Letter sets forth the debtors' rights, as required under the FDCPA, 15 U.S.C. § 1692g (a). A heading which reads, "Important Information," appears at the top of the page in capital letters and boldface type. The information underneath the heading states:

> This is an attempt to collect a debt. Any information obtained will
> be used for that purpose. Unless you notify this office within
> thirty days after receiving this notice that you dispute the validity
> of this debt or any portion thereof, this office will assume this debt
> is valid. If you notify this office in writing within 30 days from
> receiving this notice, this office will obtain verification of the debt
> or obtain a copy of a judgment and mail you a copy of such
> judgment or verification. If you notify this office in writing within
> 30 days after receiving this notice, this office will provide you with
> the name and address of the original creditor, if different from the
> current creditor.

The rest of the reverse side of the letter contains certain State-specific information about a consumer's rights during the debt collection process.

Within a month of receiving the Letter, Plaintiff commenced this action. In his complaint, Plaintiff alleges that the Letter violates §§ 1692e and 1692g because the Letter is deceptive and contradicts the Plaintiff's right to dispute the debt. *See* Complaint at ¶ 11.

However, Plaintiff's Complaint does not identify the specific language in the Letter that forms the basis for this allegation.

Instead of answering the Complaint, Defendant now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the settlement offer does not overshadow or contradict information in the Letter's validation notice and that the Complaint does not allege any false representations or deceptive practices. In response, Plaintiff explains that the settlement offer on the front overshadows or contradicts the validation notice on the back by creating confusion about Plaintiff's right to dispute the debt. Plaintiff also argues that the Letter is ambiguous as to whether the settlement offer remained open past the thirty-day debt-dispute period and creates confusion about when the thirty-day debt-validation period began and ended. In reply, Defendant argues that a settlement offer made in a debt collection letter does not overshadow or contradict a validation notice contained in the same letter and that the issue about whether the settlement offer expired after the thirty-day debt dispute period lapsed is irrelevant.

## DISCUSSION

A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts that entitles him to relief. *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001); *Connolly v. McCall*, 254 F.3d 36, 40 (2d Cir. 2001). The plaintiff's factual allegations must be accepted as true and all inferences must be drawn from those allegations in the light most favorable to the plaintiff. *Connolly*, 254 F.3d at 40. "To survive a motion to dismiss, however, the complaint must allege facts which, assumed to be true, confer a judicially cognizable right of action." *York v. Ass'n of the Bar of New York*, 286 F.3d 122, 125 (2d Cir. 2002).

Plaintiff brings this action pursuant to the 15 U.S.C. §§ 1692e and 1692g, which are both sections of the FDCPA. "The FDCPA was created in an attempt to stop abusive and deceptive practices by third-party debt collectors and to insure that those who refrain from such practices are not competitively disadvantaged." *Mebane v. GC Servs. Ltd. P'ship*, No. 06 Civ. 1972 (WCC), 2007 WL 776381, at *2 (S.D.N.Y. Mar. 9, 2007). The FDCPA specifically proscribes certain egregious practices. *See id.*; 15 U.S.C. § 1692d (1)-(6). However, it also contains a general prohibition on any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Section 1692g requires a debt collector seeking to collect a debt from a consumer to send the consumer a written validation notice containing:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g (a)$^{**}$. The validation notice must be sent within five days of the debt collector's initial communication with the consumer, unless the required information is contained in the initial communication that a debt collector has with a consumer. 15 U.S.C. § 1692g (a).

---

$**$ The thirty-day period during which a consumer has the right to dispute the debt and send a written notice to that effect shall be referred to throughout this decision as the "Debt Validation Period".

4

In determining whether a collection notice violates §§ 1692e and 1692g, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005); *Russell v. Equifax* A.R.S., 74 F.3d 30, 34 (2d Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993). This standard protects even the most naive debtors, while simultaneously shielding debt collectors from liability for "'bizarre or idiosyncratic' interpretations of collection notices." *Clomon*, 988 F.2d at 1319 (quoting *Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D.Conn. 1989)). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 1318. However, the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Greco*, 412 F.3d at 363 (quoting *Clomon*, 988 F.2d at 1319).

Even when a debt collector timely sends a validation notice containing the statutorily required information set forth in § 1692g (a), the debt collector may still violate the FDCPA if language in the letter "overshadows or contradicts" other language informing a consumer of his or her rights. *Clomon*, 988 F.3d at 1319 (citing *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991)). "A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 85 (2d Cir. 1998); *see also Spira v. Ashwood Financial, Inc.*, 358 F. Supp. 2d 150, 157 (E.D.N.Y. Feb. 28, 2005). Further, a collection notice may be found to be deceptive if it "can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell*, 74 F.3d at 35 (citing *Clomon*, 988 F.2d at 1319); *see also DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). "The least sophisticated debtor is not charged with gleaning the more subtle of the

5

two interpretations" of a collection notice. *Dutton v. Wolhar*, 809 F. Supp. 1130, 1141 (D.Del. 1992).

In this case, Plaintiff does not dispute the fact that the Letter contains all of the statutorily required information concerning a consumer's rights required by § 1692g. Indeed, the validation notice closely tracks this information. Instead, Plaintiff principally argues that the settlement offer included in the initial communication overshadows or contradicts the statutorily required validation notice set forth on the back of the Letter, creating confusion about a consumer's right to dispute the debt.

No less than three courts in this Circuit, however, have rejected this very argument by holding, as a matter of law, that a settlement offer contained in a debt collector's initial communication with a debtor does not overshadow or contradict a validation notice contained in that same communication. *See Harrison v. NBD,* 968 F. Supp. 837 (E.D.N.Y. 1997); *Omogbeme v. Risk Mgmt. Alternatives, Inc.*, No. 01 CV 7293(SJ), 2003 WL 21909773 (Aug. 4, 2003 E.D.N.Y.); *Gervais v. Riddle & Assocs.*, No. 3:03CV2102, 2007 WL 867986 ( D.Conn. Mar. 19, 2007). *Harrison* is particularly similar to the case at bar. The complaint in that action was filed by the very same attorney who represents Plaintiff in this action, and it alleged that a "special discount" settlement offer contained in a debt collection letter overshadowed a validation notice also contained therein. In addition, the defendant in Harrison moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). The Court granted that motion, noting that the discount offer did not demand immediate payment or "impart the impression that the plaintiff must dispute the debt in less than thirty days." 968 F. Supp. at 848. The Court also rejected the argument that expiration of the settlement offer within the Debt Validation Period provided evidence of overshadowing, stating:

> If a debtor chooses to reject the discount offer, at worse, she or he would be liable for the original amount of the debt. Consequently, the Court concludes that the least sophisticated consumer would not construe [defendant's] discount offer as overshadowing or contradicting the validation notice.

*Id.*

Similarly, in *Omogbeme,* the plaintiff alleged that an initial communication which a creditor offered to settle for a discounted amount within the Debt Validation Period violated the FDCPA because the settlement offer overshadowed the validation notice printed on the reverse side of the letter. The defendant moved to dismiss pursuant to Rule 12(b)(6). Relying on *Harrison*, Judge Johnson granted the motion, holding: "Defendant's letter adequately notified Plaintiff of his rights under the [FDCPA]. Moreover, Defendant's letter cannot be seen as overshadowing the contents of the included validation notice." 2003 WL 21909773 at *3. Judge Johnson noted that the FDCPA did not prohibit placing the validation notice on the reverse side of the letter, and quoted *Harrison* for the proposition that "[t]he fact that the discount offer expires before the thirty day validation period does not provide evidence of overshadowing." *Id.*

In *Gervais*, as in *Harrison* and *Omogbeme,* the plaintiff argued that a collection letter containing a settlement offer overshadowed the validation notice contained in that letter. However, unlike in *Harrison* and *Omogbeme*, the court initially agreed with the plaintiff, granting the plaintiff's motion for summary judgment on the ground that "no genuine issue of material fact existed as to whether Defendant's validation notice contained language that impermissibly overshadowed or contradicted the apprisal of Plaintiff's rights under the FDCPA." 2007 WL 867986 at *6. The *Gervais* Court reasoned that the letter, which offered the plaintiff the opportunity to satisfy the debt by tendering fifty percent of the outstanding balance within thirty days of the validation notice, contained "'mutually exclusive opportunities' that

7

worked to 'overshadow and contradict' the apprisal of Plaintiff's statutory right to dispute the debt." *Id.*

Upon reconsideration, however, the *Gervais* Court recognized that "the opportunities presented in Defendant's validation notice were not 'mutually exclusive,'" in that "there existed a period of time in which Plaintiff could have disputed the debt or requested the name and address of the original creditor, and at the same time availed himself of the discount." *Id.* The Court further found that "even if the defendant's validation notice described 'mutually exclusive' opportunities . . . the settlement offer was "clearly distinguishable from the apprisal of Plaintiff's statutory rights under § 1692g." *Id.* Citing to *Omogbeme* and *Harrison,* the *Gervais* Court concluded that "the mere existence of a settlement offer in a validation notice is insufficient to constitute an overshadowing claim under the FDCPA as a matter of law." *Id.*

In this case, Plaintiff appears to make essentially the same argument specifically rejected in *Gervais:* that a debt collection letter containing a validation notice and a settlement offer violates the FDCPA because it presents the debtor with two "mutually exclusive" options. Plaintiff notes that, "in order for Plaintiff to take advantage of Defendant's settlement offer, Plaintiff would have to make payment prior to the expiration of the 30-day dispute period." From this, Plaintiff concludes:

> [T]he letter is patently unfair and entirely inconsistent with the debtor's right to dispute the debt with in [sic] the statutorily granted 30-day period. A consumer wishing to take advantage of the settlement offer in this case would be unable to do so AND dispute the debt.

Plaintiff's Memo of Law, p. 5.

As the *Gervais* Court held, the making of a settlement offer in a debt collection letter containing a validation notice need not create two mutually exclusive options. Plaintiff could

have initially disputed the debt, but still have accepted the settlement offer before it expired.

Moreover, since the settlement offer was "clearly distinguishable" from the validation notice, the settlement offer did not overshadow or contradict the validation notice. *See Gervais*, 2007 WL 867986 at *6. Merely presenting a consumer with an option to resolve a debt by accepting a settlement offer does not in any way blunt the effectiveness of a validation notice explaining that the consumer has a right to dispute the debt if the consumer chooses to do so. The issue is whether a consumer can differentiate between a settlement offer and a validation notice. As in *Gervais*, the settlement offer made in the Letter in this case is quite clearly distinguishable from the validation notice contained in that same communication.

Under Plaintiff's reasoning, the mere inclusion of a settlement offer in a debt collection letter containing a validation notice would constitute a *per se* violation of the FDCPA. *Harrison, Omogbeme and Gervais* squarely rejected that reasoning. Plaintiff's argument is also is flawed as a matter of public policy. A holding prohibiting the inclusion of settlement offers made in initial communications containing validation notices "would likely dissuade debt collectors from providing consumers with discounted settlement offers – a result that would be both 'unwise and against the consumers' best interests.'" *Gervais*, 2007 WL 867986 at *6 (quoting *Sarder v. Acad. Collection Serv., Inc.*, No. CV 02-2486 NG VVP, 2005 WL 615831, at *3 (E.D.N.Y. Mar. 3, 2005).

Plaintiff correctly notes that one court in this district has denied a Rule 12(b)(6) motion which sought to dismiss a claim that a debt collection letter was misleading because the letter contained a settlement offer which expired two weeks from the date the letter was mailed. *See Scott v. Enhanced Recovery Corp.*, No. CV-05-5338 (CPS), 2006 WL 1517755 (E.D.N.Y. May

9

31, 2006).\*\*\*  However, the principal question in *Scott* concerned the legibility of the ink used in the validation notice contained in the letter.  Having denied the defendant's motion to dismiss because there was a factual issue concerning the legibility, the *Scott* Court disposed of the defendant's remaining arguments – that a settlement offer with a two-week settlement deadline and the inclusion of certain state specific information about a debtor's rights were misleading – in a single sentence:

> Whether the two week settlement deadline or the state specific subsections were misleading also involve factual issues not resolvable on a Rule 12(b)(6) motion.

2006 WL 1517755, at \*5.  The *Scott* opinion did not discuss or distinguish *Harrison or Omogbeme*, both of which had previously granted motions to dismiss on the very ground which was before the *Scott* Court.  Rather, as noted in *Jackson v. Immediate Credit Recovery, Inc.*, No. CV-05-5697 (SMG), 2006 WL 3453180, at \*5 (E.D.N.Y. Nov. 28, 2006), the *Scott* Court denied the Rule 12(b)(6) motion "essentially without discussion."  Accordingly, this Court elects to follow the reasoning of the courts in *Harrison*, *Omogbeme* and *Gervais*, rather than *Scott*.

The Plaintiff's second argument is that the least sophisticated consumer would be confused about when the Debt Validation Period began and ended because the settlement offer could have expired after the Debt Validation Period lapsed.  The Letter makes clear that the settlement offer expired on February 8, 2006, and that the Debt Validation Period ended thirty days after receipt of the Letter.  The Court is confident that the least sophisticated consumer

---

\*\*\*In his brief, plaintiff's counsel cites only to *Scott*, and not to *Harrison*, even though he himself represented the plaintiff in both cases and *Harrison*, unlike *Scott*, is published in the Federal Supplement.  Although this Court recognizes that *Harrison* is not controlling, and that plaintiff's counsel's conduct therefore does not violate DR 7-106(B)(1) of the Code of Professional Responsibility, this Court finds counsel's failure to cite to *Harrison* or to attempt to distinguish that case from *Scott* to be both misleading and unhelpful.

would be quite able to keep these two dates separate in his or her mind, and would not be confused about the right to dispute the debt explained in the validation notice.

Accordingly, this Court concludes that neither of Plaintiff's claims have merit. Although this case was filed as a class action, plaintiff never sought to certify a class, and it is now too late to do so. *See*, *e.g.*, *Swan v. Stoneman*, 635 F.2d 97, 102 n. 6 (2d Cir. 1980) ("As a general rule, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified."). Therefore, this action shall be dismissed in its entirety.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) is hereby GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
     April 18, 2007

/s/
SANDRA L. TOWNES
United States District Judge